POERSCHKE v. SMITH et al.

(City Court of New York, General Term. March 6, 1899.)

REFERENCE—TAXATION OF FEES—INJUNCTION BOND — LIABILITY OF SURETIES.
On dissolution of an injunction, a reference was had to assess defendant's damages, and the parties stipulated that the referee should have $10 per hour, instead of $10 per day, the statutory fee, and that the stenographer should have the taxable rates. *Held*, in an action against the sureties on the injunction bond, based on the referee's finding, that it was not necessary for the clerk to tax the referee's fees and stenographer's charges to justify recovery for them, the stipulation having made it unnecessary.

Appeal from trial term.

Action by Edward R. Poerschke against James W. Smith and Wilbur F. Smith. There was a judgment for plaintiff, and defendants appeal. Affirmed.

This action was against sureties on an injunction bond, and was based on a referee's finding, before whom stipulations of the parties were entered of record as follows: "It is stipulated by the counsel representing the respective parties that Mr. Bell, the referee, be paid the sum of $10 for each hour actually engaged in the taking of testimony or in the examination of any legal point that may be raised, and for considering his report. And it is agreed that Frank S. Beard act as stenographer at the taxable rates; and it is further stipulated that one copy need be furnished to the referee, and the stenographer agrees to furnish one carbon to each the plaintiff and defendant at the price of one copy, to be paid for equally by the respective attorneys." On the trial of this case the referee testified that he spent 50 hours in the consideration of the case, and that defendant therein (plaintiff here, against the sureties) paid him $500; and that, as far as he knew, the clerk had never taxed his fees, nor fixed the time actually spent. The trial court held that it was not necessary for the clerk to do so, that the parties had taken it away from the clerk, and hence plaintiff could recover the amount so paid without proof of its being taxed as part of the costs against the sureties' principal.

Argued before FITZSIMMONS, C. J., and SCHUCHMAN, J.

M. G. Holstein, for appellants.
Fromme Bros., for respondent.

PER CURIAM. We agree with the trial justice that it was not necessary to tax the referee's fees and stenographer's charges. The stipulation between the parties made such taxation unnecessary. Judgment affirmed, with costs.